IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HERBERT DEMETRIUS MCINTOSH,** | : |
| | : |
| Petitioner, | : |
| | : CRIMINAL NO. 07-00189-KD-B |
| vs. | : |
| | : CIVIL ACTION NO. 10-00152-KD |
| **UNITED STATES OF AMERICA,** | : |
| | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docs. 107, 109, 114), the Government's motion to dismiss the petition as untimely[1] (Doc. 120), and Petitioner's response to the Court's show cause order related to the timeliness of the petition. (Doc. 127). This action was referred to the Undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration. Because the record is adequate to dispose of this matter, no evidentiary hearing is required. See Kelley v. Secretary for Dep't of Corrs., 377 F.3d 1317, 1337 (11th Cir. 2004).

Having carefully reviewed the record, the Court finds that Petitioner's action is timely and, therefore, the Government's motion to dismiss (Doc. 120) is due to be denied. In addition, with

---

[1] The Court construes the Government's "response" as a motion to dismiss. (Doc. 120).

1

respect to Petitioner's pending "Motion for Leave to Amend Pleadings," if this Report and Recommendation is adopted by the presiding District Judge as the opinion of the Court, Petitioner should file a proposed amended petition within thirty (30) days of the adoption order, to be considered along with the pending motion. (Doc. 125).

I.  **BACKGROUND**

On August 14, 2008, Petitioner pled guilty to one count of conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846.  (Doc. 93).  This Court sentenced Petitioner to 120 months in prison, followed by eight years of supervised release.  (Doc. 106).  The court entered judgment on April 1, 2009.  (Id.).  Petitioner did not file a direct appeal.

On March 19, 2010, Petitioner, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.[2] (Doc. 107).  In his petition, Petitioner asserts no facts or claims for relief; rather, he left the "grounds" portion of the form blank. (Id.).  As a result, on April 5, 2010, the Court ordered Petitioner to refile his petition on the Court's current form by May 5, 2010.

---

[2]  March 19, 2010, is the date that Petitioner signed his petition. (Doc. 107 at 6).  Absent evidence to the contrary, the Court assumes that the petition was delivered to prison authorities for mailing on the day that Petitioner signed it.  See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).  Under the "mailbox rule," "a prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing."  Id.

(Doc. 108). On May 3, 2010, Petitioner filed a second § 2255 petition and brief, setting forth seven claims, but again he failed to use the Court's current form. (Docs. 109, 110). On July 1, 2010, the Court again ordered Petitioner to refile his petition on the Court's current form. (Doc. 113). On August 3, 2010, Petitioner filed a third petition and brief, setting forth the same seven grounds for relief that he previously asserted in the second petition. (Doc. 114). On August 20, 2010, the Court ordered the Government to respond to the third petition. (Doc. 115). The Government filed its response on October 1, 2010, seeking to have Petitioner's claims dismissed on the ground of untimeliness. (Doc. 120).

On June 4, 2011, attorney Stephen Smith filed a motion for admission pro hac vice seeking permission to represent Petitioner in this action. (Doc. 123). The Court granted the motion on June 6, 2011. (Doc. 124). On June 11, 2011, Petitioner, through counsel, filed a motion for leave to amend his § 2255 petition. (Doc. 125). The Court issued an order on June 23, 2011, holding Petitioner's motion in abeyance until the issue of the timeliness is resolved. (Doc. 126). On June 27, 2011, Petitioner filed a response to the Government's motion to dismiss. (Doc. 127). The Government's motion to dismiss and Petitioner's response are now before the Court.

**II. <u>DISCUSSION</u>**

In its motion to dismiss, the Government contends that the claims asserted by Petitioner in this action are untimely.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996, and established a one-year statutory limitations period for motions filed pursuant to 28 U.S.C. § 2255. See <u>Akins v. United States</u>, 204 F.3d 1086, 1089 (11th Cir. 2000). Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The specific provision relevant to this action is subsection (1). Therefore, the timeliness of Petitioner's claims is calculated based

upon the date on which his conviction became final.

Because Petitioner did not take a direct appeal from his conviction, the conviction became final ten days after entry of judgment, when the time for filing a notice of appeal expired.[3] See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (citing Fed. R. App. P. 4(b)(1)). Judgment was entered in this case on April 1, 2009. (Doc. 106). Thus, Petitioner's conviction became final on April 15, 2009, ten days after entry of the judgment, excluding weekends and holiday.[4] Calculating the one-year period of limitations from that date, Petitioner had until April 15, 2010, to timely file his § 2255 petition. Because Petitioner filed his original petition on March 19, 2010, it was well within the statutory period.

However, as discussed above, when Petitioner filed his original petition on March 19, 2010, he left the "grounds" and "facts" portions of the petition form completely blank. (Doc. 107). Counsel for Petitioner states in his "Opposition to Motion to Dismiss" that

---

[3] Fed. R. App. P. 4(b)(1)(A) was amended, effective December 1, 2009, to increase the time for filing a notice of appeal from ten to fourteen days. See United States v. Divito, 415 Fed. Appx. 151, 152 n.2 (11th Cir. 2011) (unpublished). However, the pre-amendment version of Rule 4(b)(1)(A) is relevant to this action.

[4] Before the December 1, 2009, amendment to Fed. R. App. P. 26(a)(2), Saturdays, Sundays, and legal holidays were not included in the calculation of a period less than eleven days. See Rule 26(a)(2) (Advisory Committee Notes); see also United States v. Davie, 677 F. Supp. 2d 912, 913 n.3 (W.D. Va. 2010).

Petitioner attached documents to his original petition setting forth his claims, but those documents did not get docketed by the clerk's office. (Doc. 127 at 3). To the contrary, the Court has inspected the documents filed by Petitioner, along with the envelope, and there were no such documents attached to the petition. In fact, Petitioner admits in his "Motion to Correct Nature of Pleadings" that he lacked the proper postage to send the attached documents with his original petition and, therefore, he did not do so. (Doc. 112 at 1).

In any event, because Petitioner's original petition (Doc. 107) was deficient, the Court ordered him to refile his petition on the Court's current form by May 5, 2010, and to include his "grounds" or claims for relief. (Doc. 108). The Court advised Petitioner that the new petition would supersede the original petition and that, in order to proceed with his action, he must "state every ground" for which he claimed his conviction was improper or unlawful. (Id.).

On May 3, 2010, prior to the Court's deadline, but outside the one-year habeas statute of limitations, Petitioner filed his second petition and supporting brief, setting forth seven grounds for relief. (Docs. 109, 110). However, because Petitioner again failed to use the proper form, the Court ordered him to refile the petition. (Doc. 113). On August 3, 2010, Petitioner filed his third petition and supporting brief, setting forth the same seven grounds for relief. (Doc. 114). The Court accepted the third

petition and ordered the Government to respond.  (Doc. 115).

On October 1, 2010, the Government filed its opposition, seeking to have Petitioner's claims dismissed as untimely.  (Doc. 120).  The Government argues that, although Petitioner's original petition was timely, it set forth no facts or claims.  The Government further argues that, although Petitioner set forth claims in his second and third petitions, they were untimely, and, therefore, the claims set forth therein are due to be dismissed.  The Government is correct to a point.

Applications for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.  Federal Rule of Civil Procedure 15(c)(1) provides that an "amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." The relevant "occurrence" with respect to a habeas petition is the specific claim being asserted.  Mayle v. Felix, 545 U.S. 644, 664 (2005).

In Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000), the Eleventh Circuit held that, "for an untimely § 2255 claim to 'relate back' under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they

7

arose out of the same trial and sentencing proceedings." (Citations omitted). "Instead, in order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" Id. (citations omitted).

The problem here is that Petitioner set forth no facts and no claims in his original petition. (Doc. 107). Therefore, the Government is correct that "[t]here is no claim in the original petition to which th[e] [untimely] amended claim[s] could relate back." Dean v. United States, 278 F.3d 1218, 1223 (11th Cir. 2002). see also Victery v. Arizona, 2011 WL 2940723, at *2, 2011 U.S. Dist. LEXIS 79800 (D. Ariz. July 21, 2011)("Because Petitioner's original petition set forth no claims for relief, none of the claims raised in the second amended petition 'relate back' to the original petition."). As such, Petitioner's claims are barred by AEDPA's one-year statute of limitations unless saved by the doctrine of equitable tolling.

In Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999), the Eleventh Circuit held that, "in the proper case[,] § 2255's period of limitations may be equitably tolled." The court recognized that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Id.

In this action, Petitioner, who is proceeding pro se, filed a timely, albeit defective, § 2255 petition. Because of the deficiencies in the original petition, the Court ordered him to file a new petition by May 5, 2010, but made no mention of the fact that the one-year AEDPA statute of limitations would expire before that deadline or that Petitioner should heed AEDPA's filing deadline over the one ordered by the Court. In response to the Court's order, Petitioner set forth his claims in a second petition, which he filed within the Court's deadline but outside the AEDPA deadline.

Given Petitioner's pro se status,[5] it is reasonable to conclude that, in relying on the Court's order, Petitioner may have been lulled into believing that he needed to comply with the Court's prescribed deadline (May 5, 2010), not the AEDPA deadline (April 15, 2010), thereby missing the opportunity to file a timely claim. While the Court was under no obligation to advise Petitioner of the impending AEDPA deadline, it does appear that the untimely filing of the second petition, which contained Petitioner's claims for relief, may have been the result of the Court's order directing him to file on a later date. While the question is close, the Court concludes that the unique circumstances of this case satisfy the equitable tolling test. Cf. Victery, 2011 WL 2940723, at *2; 2011 U.S. Dist. LEXIS 79800

---

[5] Although Petitioner is now represented by counsel, at the time that he filed the petitions at issue herein, he was proceeding pro se.

9

(finding that pro se petitioner who filed a timely, but deficient, petition was entitled to equitable tolling where the court ordered him to correct one deficiency in his petition but failed to inform him until after the habeas limitations period had expired that he must also correct the deficiency in the "grounds for relief" portion of the petition which he had left blank).  Therefore, the claims set forth in Petitioner's second petition (Docs. 109, 110), which are repeated verbatim in Petitioner's third petition (Doc. 114), are entitled to equitable tolling.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Petitioner's claims are entitled to equitable tolling, and, thus, Respondent's motion to dismiss Petitioner's claims as untimely is due to be denied. In addition, with respect to Petitioner's pending "Motion for Leave to Amend Pleadings" (Doc. 125), if this Report and Recommendation is adopted by the presiding District Judge as the opinion of the Court, Petitioner should file a proposed amended petition within thirty (30) days of the adoption order, to be considered in conjunction with the pending motion.[6]

The instructions which follow the Undersigned's signature contain important information regarding objections to the report and

---

[6] The proposed amended petition must be submitted on the Court's current § 2255 form.

recommendation of the Magistrate Judge.

**DONE** this **11th** day of **June, 2012.**

        **/s/ SONJA F. BIVINS**
        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1. **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[7] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[7]  Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  <u>Fed. R. Civ. P.</u> 72(b)(2).

12

2.  **Transcript (applicable Where Proceedings Tape Recorded)**. Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.